**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| MARCUS ALFRED COKER, | ) | CASE NO. 5:18 CV 2375 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| STEVE BARRY, SHERIFF, | ) | <u>AND ORDER</u> |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Marcus Alfred Coker filed this action under 42 U.S.C. § 1983 in the United States District Court for the Southern District of Iowa against the Summit County Sheriff. In the Complaint, Plaintiff objects to conditions in the jail and treatment by deputies. He seeks monetary and injunctive relief. The Southern District of Iowa determined venue was proper in the Northern District of Ohio and transferred the case to this Court.

**I.    Background**

Plaintiff is currently being detained at the Summit County Jail on violations of the terms of his supervised release, and on new pending criminal charges. He objects to his treatment in the Jail. He states that in August 2016 he was chained to the floor by Sheriff's Deputies for requesting medical treatment and was not permitted to use the restroom. He indicates he was refused medical attention for 15 hours in September 2017 after being transported from the hospital. He contends he was given 600 mg of Ibuprofen for pain. He alleges jail personnel

refused to change his wound dressing. He indicates that at various times in 2017 and 2018 Jail personnel gave him old food as a form of punishment. He alleges in March 2018, he was kicked by a deputy. He states he spat on the deputy. He contends he was refused soap to wash his clothes when he was indigent. He claims a deputy made vulgar comments and gestures toward him. He states in general that the Defendant failed to provide adequate medication, adequate recreation, access to legal materials and a law library, free copies of grievances, and wash cloths. Plaintiff does not identify any legal claims he intends to assert. This Court liberally construes the Complaint as asserting claims for cruel and unusual punishment in violation of the Fourteenth or Eighth Amendments. Finally, Plaintiff states money was taken from him by the Sheriff, but he does not explain how or why the money was confiscated or garnished. The Court liberally construes this claim as one for deprivation of property without due process.

**II.     Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

-2-

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**III.     Analysis**

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). It prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The Eighth Amendment applies only to convicted inmates. Claims by pretrial detainees arise under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). These claims, however, are analyzed under the same rubric as Eighth Amendment claims brought by prisoners. *See Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir.1985) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979)).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1,8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)

As an initial matter, Plaintiff's Eighth Amendment claim pertaining to an incident that occurred in August 2016 is barred by the statute of limitations. Ohio's two year statute of limitations for bodily injury applies to §1983 claims. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995). This action was filed in October 2018, beyond the expiration of the two-year statute of limitations period.

Furthermore, Plaintiff fails to meet the subjective requirements for all of his Eighth Amendment claims. The subjective component requires a showing that prison officials knew of, and acted with deliberate indifference to, an inmate's health or safety. *Wilson*, 501 U.S. at 302-03. Deliberate indifference "entails something more than mere negligence." *Farmer*, 511

U.S. at 835. This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Flanory v. Bonn*, 604 F.3d 249, 253-55 (6th Cir. 2010)(citing *Farmer*, 511 U.S. at 837). Here, Plaintiff's allegations all describe actions by Deputies working at the Jail. None of the allegations suggest Sheriff Barry was personally aware of the incidents or that he directly participated in them. Plaintiff failed to state a claim under the Eighth Amendment against him.

Plaintiff also alleges the Sheriff took his money. Plaintiff does not elaborate on this statement, so there is no indication of how or why the money was taken, or garnished. Giving this claim the most liberal construction, it is possible Plaintiff may be attempting to assert a claim for deprivation of property without due process.

To state a claim for denial of procedural due process, Plaintiff must plead and prove either that he was deprived of liberty or property as a result of an established state procedure that itself violates due process rights; or that the Defendant deprived him of liberty or property pursuant to a random and unauthorized act and available state remedies would not be adequate to redress the deprivation. *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir 1991); *see Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983). Plaintiff is not challenging an established state procedure, statute or local ordinance. Therefore, Plaintiff would have to base a due process claim on an unauthorized acts of the Defendant.

To state a procedural due process claim based upon alleged unauthorized acts of the Defendant, Plaintiff must also plead and prove that state remedies for redressing the wrong are inadequate. *Macene*, 951 F.2d at 706; *Vicory*, 721 F.2d at 1064. A remedy is available in the

Ohio Court of Claims for deprivation of property. *See Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir.1989). Plaintiff has not suggested this state remedy is inadequate. He therefore has not stated a claim for denial of procedural due process.

**IV.      Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

   S/John R. Adams 3/22/2019
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.